# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 02-30063 |
| | ) | |
| CHRISTINE ROBERTS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Christine Roberts' Sentencing Hearing held April 27, 2005. Roberts was present in person and with counsel, Patrick A. Tuite. The Government was present by Assistant United States Attorney Patrick D. Hansen. On December 11, 2003, Roberts entered a plea of guilty to Wire Fraud, in violation of 18 U.S.C. § 1343, (Count 2) and Illegal Monetary Transaction, in violation of 18 U.S.C. § 1957, (Count 13).

The Court has received a Revised Presentence Report (PSR), dated April 11, 2005, prepared by the United States Probation Office. The

Defendant raises objections to the use of the November 1, 2004 United States Sentencing Commission Guidelines Manual ("2004 Guidelines"), the amount of loss, and the two-level enhancement in offense level for obstruction of justice under U.S.S.G. § 3C1.1. The Government objects to the inclusion of a two-level reduction in offense level for Defendant's acceptance of responsibility under U.S.S.G. § 3E1.1.

The Court turns first to Roberts' objection to the use of the 2004 Guidelines rather than the 1995 Guidelines in effect at the time the offenses were committed. As the probation officer demonstrated on the record, the computation of Roberts' sentence is more favorable to her under the 2004 Guidelines than under the 1995 Guidelines. Therefore, as stated of record, the Court will use the 2004 Guidelines in computing the applicable sentencing range under the Guidelines.

Roberts also challenges the amount of loss. Roberts contends that the Court should not consider her activity at U.S. West as relevant conduct, and in the alternative, submits that the amount of loss arising from the U.S. West activity should be limited to the amount of disability payments she

received, $31,613.04. Roberts' objection is denied. The Court finds that at least some of Roberts' U.S. West activity qualifies as part of the same course of conduct and should be included when calculating the amount of loss. As noted of record, in making this finding, the Court adopts the reasons set forth in various pre-trial rulings. The Court finds that the amount of loss relating to U.S. West includes Roberts' disability pay of $31,613.04, the $53,166.48 that Roberts received as a severance payment, and COBRA payments of $2,400, for a total loss amount of $87,179.52.[1]

Turning to the amount of loss attributable to her Moorman's activity, for reasons stated of record and based on the trial evidence submitted, the Court rejects Roberts' argument that Morgan and Associates provided actual services to Moorman's. The Court finds that ¶ 31 of the PSR accurately reflects the amount of loss to Moorman's relating to Morgan and Associates, which totals $781,632.00. The Court adds $16,000.00 to this amount for the conduct relating to Get-A-Grip, described in ¶¶ 26 and 27

---

[1] In addition to that loss amount, for purposes of restitution, the Court will award U.S. West witness time of $2,741.46, postage of $132.10, and a document production fee of $217.65, for a total restitution amount for U.S. West of $90,270.73. See 18 U.S.C. § 3663A(b)(4).

of the PSR. Thus, the total loss amount relating to Moorman's is $797,632.00.[2] Roberts' objection is denied. Therefore, the total amount of loss for which Roberts is held accountable is $884,811.52, $797,632.00 of which relates to Moorman's and $87,179.52 of which relates to U.S. West.[3]

Roberts objects to the imposition of a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.1. See PSR, ¶¶ 48, 49, 58, 64. The Court finds that the material described in ¶ 48 is not sufficiently linked to Defendant Roberts and allows her objection with respect to that paragraph. The Court, however, for reasons stated of record, imposes, over defense objection, a two-level enhancement under § 3C1.1 for the conduct

---

[2]For purposes of restitution, the Court awards Moorman's $19,857.60 in investigative costs. See 18 U.S.C. § 3663A(b)(4). The Court reduces the Moorman's restitution amount by $265,800.00 to account for money that Moorman's has already recovered by stopping payment on a check issued May 11, 1998 to Morgan and Associates and by seizing an account worth $86,960.00. As the Court stated on the record, the probation officer recognized that ¶ 44 of the PSR should state that a stop payment was issued on the final two invoices from Morgan and Associates, rather than on the final two checks, as the stop payment applied only to the May 11, 1998 check. Therefore, the Court finds Moorman's is entitled to restitution in the amount of $551,689.60, part of which will be ordered paid to its insurance companies.

[3]The Court notes that at the Sentencing Hearing the Court misspoke in saying the total loss of Moorman's was $767,632.00. As reflected in the PRS, Moorman's total loss amount was $797,632.00. When that amount is added to the U.S. West loss of $87,179.52, it is clear that the total loss caused by Roberts' actions was $884,811.52.

described in ¶ 49, which was both intentional and material to the charges and constituted a significant effort to impede the prosecution of the case by creating a red herring.

The Government objects to a two-level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1. For reasons stated of record, giving Roberts the benefit of the doubt, the Court will grant a two-level reduction under § 3E1.1 over the Government's objection.

Therefore, with the exceptions stated above, the Court accepts the balance of the PSR as written and adopts its findings. With respect to Count 2, Roberts has a base offense level of 6 under U.S.S.G. § 2B1.1(a)(2). The offense level is increased by 14 levels under U.S.S.G. § 2B1.1(b)(1)(H) because the amount of loss is more than $400,000.00 but not more than $1,000,000.00. Roberts receives a two-level enhancement for abuse of a position of private trust, and a two-level enhancement for obstruction of justice. U.S.S.G. §§ 3B1.3, 3C1.1. She is entitled to a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a final offense level of 22 for Count 2. Turning to Count 13, Roberts has a base

offense level of 6 under U.S.S.G. § 2S1.1(a)(1). The offense level is increased by 14 under U.S.S.G. § 2B1.1(b)(1)(H) because the amount of loss is more than $400,000.00 but not more than $1,000,000.00. Because Roberts was convicted under 18 U.S.C. § 1957, the offense level is increased one level. U.S.S.G. § 2S1.1(b)(2)(A). Roberts receives a two-level enhancement for obstruction of justice. U.S.S.G. § 3C1.1. She is entitled to a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a final offense level of 21 for Count 13.

The offenses are grouped pursuant to U.S.S.G. § 3D1.2(c). Therefore, in calculating Roberts' total offense level, the Court applies the higher of the two offense levels, pursuant to U.S.S.G. § 3D1.3(a). Accordingly, Roberts' final offense level is 22. Roberts has no criminal history points, placing her in Category I. An offense level of 22 and criminal history Category I results in a Guideline range of 41 to 51 months imprisonment, which is in Zone D.[4]

THEREFORE, after considering the case file, the PSR, the statements

---

[4] The Court notes that the U.S.S.G. are advisory, pursuant to United States v. Booker. 125 S. Ct. 738 (2005).

of counsel, the evidence submitted, Roberts' own statement, the applicable sentencing guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court hereby sentences Roberts to 45 months imprisonment on each count of conviction, to run concurrently. Roberts is ordered to pay $641,960.33 in restitution, due immediately, as follows:

> $30,422.60 to Archer Daniels Midland (formerly Moorman's);
> $400,000.00 to A.I.G. Insurance, one of ADM's insurance companies;
> $121,267.00 to Agri-National Insurance, another of ADM's insurance companies; and
> $90,270.73 to Qwest Business Resources, Inc. (formerly U.S. West).

For as much of this amount as co-defendant Valerie Morgan is held accountable and ordered to pay, that amount will be payable jointly and severely ordered as to each defendant. Roberts is also ordered to pay a $200 special assessment, due immediately. Based on Roberts' financial status and the large amount of restitution ordered, the Court imposes no fine. Roberts' request to self-report is allowed. She is ordered to report by noon on July 18, 2005. After her release from prison, Roberts is ordered to serve a period of three years of supervised release on each count of conviction, to run

concurrently.

IT IS THEREFORE SO ORDERED.

ENTER: April 28, 2005

    FOR THE COURT:

                                          s/ Jeanne E. Scott
                                          JEANNE E. SCOTT
                              UNITED STATES DISTRICT JUDGE