E-FILED
Friday, 06 May, 2005 01:35:54 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) CRIMINAL NO: 02-30063-001 |
| CHRISTINE ROBERTS, | ) |
| Defendant. | ) |

**RESPONSE TO DEFENDANT'S MOTION TO MODIFY SENTENCE**

Comes now the United States of America, by Jan Paul Miller, United States Attorney for the Central District of Illinois, and Patrick D. Hansen, Assistant United States Attorney, and respectfully requests that this Court deny the Defendant's Motion to Modify Sentence, and in furtherance of this request states as follows:

1.   The defendant brings her motion under Rule 35(a) of the Federal Rules of Criminal Procedure. The plain language of the rule requires the Court to act on the motion within seven (7) days of sentence. Fed.R.Crim.P. 35(a).[1]

2.   The defendant's contention to modify the sentence is centered on a dispute over this Court's guideline calculations. However, it is clear from the advisory committee notes to the rule that,

> The authority to correct a sentence under this subdivision is intended to be very narrow and to extend only to those cases in which an obvious error or mistake has occurred in the sentence,

---

[1] Several Circuits Courts of Appeal have found that the seven days begins to run at the time the Court pronounces sentence, *See United States v. Shank*, 395 F.3d 466 (4th Cir.), *petition for cert. filed* (Apr. 25, 2005)(No. 04-1436), and cases cited therein. If this is the case, then this Court has no jurisdiction to hear the motion. The Seventh Circuit has considered this avenue, but has not specifically changed its previous decisions finding that the sentence occurs on the date the judgment is entered by the clerk of court. *United States v. Clay*, 37 F.3d 338, 340 (7th Cir.1994)**;** *United States v. Wisch*, 275 F.3d 620, 627 (7th Cir. 2001).

> that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a). *The subdivision is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the Court's discretion with regard to the application of the sentencing guidelines.*

Fed.R.Crim.P. 35, Advisory Committee Notes, 1991 Amendments (emphasis added). *See also Huang v. United States,* 2005 WL 550888 (S.D.N.Y. March 9, 2005). In this case, it is apparent that the defendant is simply attempting to use Rule 35(a) as a substitute for the appeal she has waived.

    3.    Furthermore, the defendant is simply incorrect in her interpretation of *United States v. Grap,* 403 F.3d 439 (7th Cir. 2005). While *Grap* did remand a sentencing due to the guideline enhancements, the Sentencing Guideline enhancements which led to the sentence in that case were made by the court prior to the Supreme Court decision of *United States v. Booker,* 125 S.Ct. 738 (2005). Prior to *Booker* the Sentencing Guideline applications were mandatory on sentencing courts, and not advisory. Since *Booker*, the guideline applications are advisory.

    4.    This Court made it clear at the sentencing in this case that the Sentencing Guidelines were advisory and only one factor that would be taken into consideration. The findings made, and the standard used by the Court regarding the advisory guidelines were made appropriately and according to the rules, and did not violate any right of the defendant. The findings were made pursuant to, and not in violation of, both the letter and spirit of the Supreme Court's decision in *Booker*.

WHEREFORE, the United States of America respectfully requests that this Court deny the defendant's Motion to Modify Sentence.

> Respectfully Submitted,
>
> JAN PAUL MILLER
> UNITED STATES ATTORNEY
>
>
> By:    s/Patrick D. Hansen
> Patrick D. Hansen
> Assistant U.S. Attorney
> Illinois Bar No. 6187536
> 318 South 6th Street
> Springfield, IL 62701
> Tele: 217/492-4450
> Fax: 217/492-4512
> E-mail: patrick.hansen@usdoj.gov

CERTIFICATE OF SERVICE

    I hereby certify that on May 6, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Patrick Tuite
Attorney for Christine Roberts

                                       s/Patrick D. Hansen
                                       Patrick D. Hansen
                                       Assistant United States Attorney
                                       318 South Sixth Street
                                       Springfield, IL 62701
                                       (217) 492-4450
                                       Fax: (217) 492-4512
                                       patrick.hansen@usdoj.gov