IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  02-30063 |
| | ) | |
| CHRISTINE ROBERTS, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Christine Roberts' Motion to Modify Sentence (d/e 215) pursuant to Federal Rule of Criminal Procedure 35(a) (Rule 35(a) Motion) and her Motion to Add Physician's Report to Presentence Report and for Placement Recommendation (d/e 225) (Motion to Add Physician's Report and for Placement Recommendation). For the reasons set forth below, the Rule 35(a) Motion is dismissed for lack of jurisdiction, and the Motion to Add Physician's Report and for Placement Recommendation is allowed.  Additionally, the Court sua sponte reduces the ordered restitution amount.

The Court turns first to Roberts' Rule 35(a) Motion.  Rule 35(a)

1

allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error." As an initial matter, the Government notes that the plain language of Rule 35(a) requires any correction under this rule to be made by the Court within seven days of sentencing. Response to Defendant's Motion to Modify Sentence (d/e 222), p. 1. This time limit is jurisdictional, and "furthermore, the motion must be *ruled on* by the district court within seven days, not simply *filed with* the clerk of court during that time." See United States v. Wisch, 275 F.3d 620, 626 (7th Cir. 2001) (emphasis in original).

Neither party references the 2004 Amendments to Rule 35, which became effective December 1, 2004, almost five months before Roberts' sentencing. The 2004 Amendments to Rule 35 added subsection (c), which defined "sentencing" for Rule 35 purposes to mean "the oral announcement of the sentence." Fed. R. Crim. P. 35(c). The Court announced Roberts' sentence at her sentencing hearing on April 27, 2005, more than seven days ago, excluding weekends and legal holidays. See Fed. R. Crim. P. 45(a)(2). Therefore, under the current version of the rule, the Court lacks jurisdiction to rule on Roberts' Rule 35(a) Motion, and the Rule 35(a) Motion is, therefore, dismissed for lack of jurisdiction.

Prior to the 2004 Amendments, the Seventh Circuit held that, for Rule 35(a) purposes, sentencing occurred on the date the judgment was entered by the clerk of the court. See Wisch, 275 F.3d at 626. Under such an interpretation, this Court would have jurisdiction. However, even if Roberts could invoke the prior version of Rule 35, her Motion would not succeed because it is both outside the scope of Rule 35(a) and without merit.

Roberts' Motion, which expressly purports to be brought pursuant to Rule 35(a), does not address an arithmetical, technical, or other clear error. Rather, Roberts asks the Court to reconsider its findings under the United States Sentencing Guidelines, specifically the imposition of a two-level enhancement in offense level under U.S.S.G. § 3C1.1 for obstruction of justice. Roberts argument is misplaced. Rule 35(a) states it:

> . . . is not intended to afford the court the opportunity to reconsider the application or interpretation of the sentencing guidelines or for the court simply to change its mind about the appropriateness of the sentence. Nor should it be used to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines.

United States v. Porretta, 116 F.3d 296, 300 (7th Cir. 1997) (quoting Advisory Committee Notes to 1991 Amendments to Fed. R. Crim. P. 35).

Roberts is not entitled to relief under Rule 35(a).

Roberts' argument also fails on the merits. In sentencing Roberts, the Court clearly recognized that, following the Supreme Court's decision in United States v. Booker, the United States Sentencing Guidelines are advisory, rather than mandatory, and that the Guidelines are only one of a number of factors that a district court must consider in sentencing. See Booker, 125 S.Ct. 738 (2005). In the present case, the Court observed the trial testimony of Dennis Sollberger and John Jones regarding the letter at issue and deemed them to be credible witnesses. The obstruction of justice enhancement was supported by a preponderance of the evidence, the appropriate standard of proof under the Guidelines.[1] See id.; U.S.S.G. § 6A1.3 cmt.

Roberts' Motion to Add Physician's Report and for Placement Recommendation is also pending. Roberts asks the Court to add a letter, dated May 1, 2005, from her psychiatrist, Dr. Friedson, to the PSR. Roberts further asks the Court to recommend to the Bureau of Prisons that she be incarcerated in the residential treatment program at the Federal

---

[1] Defendant erroneously relies on United States v. Grap, which involved a mandatory system of sentencing guidelines. Grap, 403 F.3d 439 (7th Cir. 2005).

Prison Camp in Dublin, California. The Government has no objection to either request. Therefore, the Motion is allowed. The Clerk of the Court is directed to add the Friedson letter to Roberts' PSR. The Court will recommend to the Bureau of Prisons that Roberts be incarcerated in a residential treatment program in or near the state of California that would offer treatment for her depression and alcohol abuse problem.

Finally, the Court orders that the amount of loss finding (for guideline calculation purposes) and the restitution amount to Archer Daniels Midland (ADM) be reduced by $11,528.41.[2] See Fed. R. Crim. P. 36. Evidence presented at co-defendant Valerie Morgan's sentencing hearing revealed that this amount was used to purchase laptop computers for Moorman's/ADM. The Government informed the Court that ADM has possession of these laptops. Therefore, the Court at that time notified the Government that it would deduct this amount from Roberts' restitution and amount of loss findings as well. The Government voiced no objection to the reduction.

THEREFORE, Defendant Christine Roberts' Motion to Modify Sentence (d/e 215) is DISMISSED for lack of jurisdiction, and her Motion

---

[2]This reduction in the total amount of loss finding does not alter the Court's guideline findings concerning the enhancement for the amount of loss, however.

to Add Physician's Report to Presentence Report and for Placement Recommendation (d/e 225) is ALLOWED. The total amount of loss figure and the restitution amount set out in this Court's April 28, 2005, Order (d/e 213) are corrected as follows:

The total amount of loss for which Roberts is held accountable is $873,283.11. Roberts is ordered to pay $630,431.92 in restitution, due immediately, as follows:

> $18,894.19 to Archer Daniels Midland (formerly Moorman's);
> $400,000.00 to A.I.G. Insurance, one of ADM's insurance companies;
> $121,267.00 to Agri-National Insurance, another of ADM's insurance companies; and
> $90,270.73 to Qwest Business Resources, Inc. (formerly U.S. West).

The restitution to A.I.G. and Agri-National Insurance and $2,894.19 of the ADM restitution is ordered to be paid jointly and severally with co-defendant Valerie Morgan. The Court recommends to the Bureau of Prisons that Roberts be incarcerated in a prison with a residential treatment program, for her depression and alcohol abuse problem, which is located in, or as close as possible to, California.

IT IS THEREFORE SO ORDERED.

ENTER: May 18, 2005.

6

FOR THE COURT:

                                                    s/ Jeanne E. Scott
                                                 JEANNE E. SCOTT
                                   UNITED STATES DISTRICT JUDGE