UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|         Plaintiff, ) | |
|         v. ) | NO. 02-30063-001 |
| CHRISTINE ROBERTS ) <br>   aka Tina Yearick ) <br> nka Christine Stuhmer, ) | |
|         Defendant, ) | |
| PIPER JAFFRAY CO., ) | |
|         Garnishee. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**APPLICATION FOR WRIT OF GARNISHMENT (NON-WAGE) #2**

This garnishment proceeding is brought pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §3001 et. seq.  (hereinafter cited by section number only).

1. As required by §3205(b)(1)(B), the government has made a demand for payment. At least 30 days have elapsed since demand and the defendant has not paid the amount due.

2. The Application contains the necessary information required by §3205(b)(1).

3. The government is requesting that the garnishee withhold and retain property in which the defendant has a substantial non-exempt interest.

4. Section 3205(c)(1) provides that if the Court determines that the requirements of §3205 are satisfied, the Court shall issue the appropriate Writ of Garnishment.

5. The Writ that the government has prepared conforms to the requirements of §3205(c)(2)(A-F).

6. Section 3202(b) provides that the Clerk shall a Notice prepared by the counsel for the United States informing the defendant of certain rights and exemptions.

7. The notice "Clerk's Notice Garnishment (Non-Wage)" contains the statutory language of §3202(b). The United States contends, however, that the Clerk's Notice on the transfer of a case on request of the defendant does not apply. The transfer provisions in the Clerk's Notice is inconsistent with the procedures set out in 18 U.S.C. §§ 3611-15. The mandatory transfer of a garnishment proceeding would curtail or limit the government's right to collect a criminal monetary judgment and the Court's continuing jurisdiction to enforce it's judgment. In accordance with 28 U.S.C. § 3001(b) and § 3003(b), the Clerk's Notice shall not be construed to curtail or limit the rights of the United States or jurisdiction of the Court.

8. The summary of exemptions listed in pages 3 and 4 of the Notice states the exemptions applicable to criminal monetary penalties which, pursuant to 18 U.S.C. §3613(a)(1) and (f), are only that property exempt from levy for taxes pursuant to sections 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986. Individual Retirement Accounts are not listed as being exempt from levy.

9. After the Application is filed and the Order for the Writ is signed by the Court, the Writ and Notice should be issued by the Clerk.

10. The United States will then serve a copy of these documents and supplementary information required by §3205(c)(3)(A & B) on the garnishee and the defendant.

    Respectfully submitted,
    **JAN PAUL MILLER**
    **UNITED STATES ATTORNEY**

    s/ Elizabeth L. Collins
    _____
    Elizabeth L. Collins, Bar No. 487864
    Attorney for the Plaintiff
    United States Attorneys Office
    318 S. 6th Street
    Springfield, Illinois 62701
    Tel: 217/492-4450
    Fax: 217/492-4888
    email: beth.collins@usdoj.gov

## CERTIFICATE OF SERVICE

      It is hereby certified that service of the foregoing **MEMORANDUM OF LAW** has been placed in the United States mail addressed to:

      CHRISTINE ROBERTS STUHMER
Reg. No. 13900-026
Phoenix FCI
37900 N. 45th Ave.
Phoenix, AZ 85086-7008

PIPER JAFFRAY CO.
Attn: Ms. Jennifer Stretman
1050 17th Street Suite 2100
Denver, CO 80265

October 5, 2005

      s/ Elizabeth L. Collins
_____
Elizabeth L. Collins, Bar No. 487864
Attorney for the Plaintiff
United States Attorneys Office
318 S. 6th Street
Springfield, Illinois 62701
Tel: 217/492-4450
Fax: 217/492-4888
email: beth.collins@usdoj.gov