# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 02-30063-001 |
| | ) |
| CHRISTINE ROBERTS | ) |
| aka Tina Yearick | ) |
| nka Christine Stuhmer, | ) |
| | ) |
| Defendant, | ) |
| | ) |
| PIPER JAFFRAY CO., | ) |
| | ) |
| Garnishee. | ) |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR TURNOVER ORDER #2

This garnishment proceeding was brought pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. §3001 et. seq. (hereinafter cited by section number only) to enforce collection of a criminal restitution order.

1. The balance of the criminal monetary penalties, including interest, owed as of December 30, 2005 is $642,132.38.

2. The United States Attorney, by delegation of the Attorney General, has the responsibility to enforce collection of criminal restitution orders. 18 U.S.C. § 3612(c).

3. Pursuant to the Court's Order, a writ of garnishment was issued (Doc. 263) and served on Garnishee (Doc. 272).

4. The Defendant was advised of her right to a hearing by the Clerk's Notice (Doc. 264).

5. The Garnishee filed an answer in this case (Doc. 273) which showed that the Defendant had funds in an Individual Retirement Account that is subject to garnishment.

6. Neither the Defendant, nor the Garnishee, filed a request for a hearing.

7. The FDCPA provides that after a Garnishee files an answer, and if no hearing is requested within 20 days after receipt of the Answer, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's non-exempt interest in such property. 28 U.S.C. § 3205(c)(5) & (7).

8. Pursuant to 18 U.S.C. § 3613(a)(1) & (f) and 26 U.S.C. §6334(a), the Defendant's interest in her Individual Retirement Account is not exempt from this garnishment to enforce a criminal order of restitution.

9. The payments by the garnishee should be made to and through the Clerk of the U.S. District Court in accordance with 18 U.S.C. § 3611.

WHEREFORE, the Motion for Turnover Order should be granted and an Order so providing be entered by this Court.

Respectfully submitted,

**RODGER A. HEATON**
**UNITED STATES ATTORNEY**

December 30, 2005                    s/ Elizabeth L. Collins

By:   Elizabeth L. Collins, Bar No. 487864
      Attorney for Plaintiff
      United States Attorneys Office
      318 S. 6th Street
      Springfield, Illinois 62701
      Telephone:  217/492-4450
      Fax: 217/492-4888
      email: Beth.Collins@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that I mailed a copy of the Memorandum of Law to:

>CHRISTINE ROBERTS STUHMER
>Reg. No. 13900-026
>Phoenix FCI
>37900 N. 45th Ave.
>Phoenix, AZ 85086-7008
>
>PIPER JAFFRAY CO.
>Attn: Ms. Nicole Radtke, Paralegal
>General Counsel Department
>800 Nicollet Mall, Mail Stop J09N02
>Minneapolis, MN  55402-7020

Date: December 30, 2005                s/ Elizabeth L. Collins

>_____
>Elizabeth L. Collins, Bar No. 487864
>Attorney for Plaintiff
>United States Attorneys Office
>318 S. 6th Street
>Springfield, Illinois 62701
>Telephone:  217/492-4450
>Fax: 217/492-4888
>email: Beth.Collins@usdoj.gov